UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.* | ) ) ) | CIVIL ACTION NO. |
| Plaintiffs, | ) ) | 2:03-CV-237-PRC |
| v. | ) ) ) | |
| U.S. BELL CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to Contact Former Supervisors in Preparation for Trial [DE 136], filed by the Equal Employment Opportunity Commission ("EEOC") on March 24, 2005. The Defendants filed a Response Brief on April 11, 2005, and the EEOC filed a Reply on April 19, 2005. The EEOC seeks leave of Court to interview former supervisors and managers of the Defendants outside the presence of counsel for the Defendants.

Rule 4.2 of the Indiana Rules of Professional Conduct Provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law or a court order." Ind. R. Prof. Conduct 4.2. More specifically,

> In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Ind. Rules of Prof. Conduct 4.2, *comment*.

However, the Rule does not address former supervisors or managers of the represented corporation. In *EEOC v. Dana Corp.*, the court granted the EEOC's motion for leave to interview a former managing employee to determine if the manager was a potential class member, holding that the employer did not show any reason why ex parte communications by the EEOC with the identified former managerial employee would reveal confidential, classified, or privileged information and thus, such communications did not violate the ex parte communication rules. *Dana Corp.*, 202 F. Supp. 2d 827, 829 (N.D. Ind. 2002) (citing *Brown v. St. Joseph County*, 148 F.R.D. 246 (N.D. Ind.1993) (holding that Rule 4.2 does not apply to former managers who no longer have any relationship with the corporation)). In *Brown*, the court reasoned that former employees are outside the scope of Rule 4.2, in part, because, unlike current employees, former employees "cannot bind the corporation in the sense that an agent binds a principal." *Brown*, 148 F.R.D. at 252. In *Orlwoski v. Dominick's Finer Foods, Inc.*, the court held that former managers are not within the purview of Rule 4.2; however, the court also reminded the plaintiff that former and current employees, including managers, are barred from discussing with the plaintiff any privileged information to which they were privy. *Orlowski*, 937 F. Supp. 723, 728 (N.D. Ill. 1996) (citing *Ahern v. Board of Educ. of City of Chicago*, No. 92 C 4074, 1995 WL 680476, at *1 (N.D. Ill. Nov. 14, 1995); *Shamlin v. Commonwealth Edison Co.*, No. 93 C 2149, 1994 WL 148701, at *3 (N.D. Ill. Apr. 20, 1994); *Brown, 148 F.R.D. at 252; Breedlove v. Tele-Trip Co., Inc.*, No. 91 C 5702, 1992 WL 202147, at *1 (N.D. Ill. Aug. 14, 1992)). Similarly, the Indiana Court of Appeals joined the majority of jurisdictions "that have analyzed this issue and [held] that Indiana's Rule 4.2 does not prohibit an attorney from contacting the former employee of a party adverse to the attorney's client in litigation." *P.T. Barnum's Nightclub v. Duhamell*, 766 N.E.2d 729, 737 (Ind. Ct. App. 2002).

In the motion, the EEOC represents that it has determined that several former Buzz supervisors and managers are witnesses in this action and has named them on its final witness list, which was filed on October 26, 2004. The EEOC anticipates that it will need to interview these individuals in preparation for trial and wishes to do so outside the presence of Defendants' counsel. The EEOC represents that it will not contact former supervisors and managers who are represented by counsel. On March 4, 2005, the EEOC wrote to counsel for the Defendants to notify them of the EEOC's intent to contact former supervisors and managers, but the EEOC did not receive an answer to its communication.

In response to the motion, the Defendants argue that, unlike in *Dana Corp.*, because the EEOC has not identified the former supervisors and managers it wishes to interview in this case, the Defendants are not able to determine the general substance of the testimony and whether the ex parte communication would reveal confidential, classified, or privileged information. Therefore, the Defendants argue that the EEOC should have to specifically identify the witnesses and should have to demonstrate to the Court and to the Defendants the steps that it will take to fully comply with Rules 4.3 and 4.4 of the Indiana Rules of Professional Conduct. However, the Defendants have cited no authority for a requirement that such witnesses must be identified in advance and that the party seeking the deposition has the burden of demonstrating its future compliance with Rules 4.3 and 4.4. Nor have the Defendants contested the law set forth by the EEOC in its memorandum in support, including the holdings of *Duhamell*, *Brown*, *Dana Corp.*, and *Orlowski* that Rule 4.2 does not apply to former employees or managers.

The EEOC also argues that the nature of the adversarial system does not require attorneys for one side to reveal to the other side the witnesses with whom counsel intend to speak in

3

preparation for trial, and in fact, protects such information as attorney work product.  Federal Rule of Civil Procedure 26(b)(3) provides that, when ordering discovery of materials, the "court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."  Nevertheless, the EEOC does state that it will not contact Gene Chill, Michael Norvil, Keanan Kintzel, Kurtis Kintzel, and Cathy Olive because they are current managers and/or represented by counsel for the Defendants.

The Court finds, as in the cases cited herein, that communications by the EEOC with former supervisors or managers of the Defendants does not violate Rule 4.2 and that the EEOC may contact these employees.  As in *Orlowski*, the Court reminds counsel for the EEOC of their ethical obligations under the Indiana Rules of Professional Conduct, including Rules 4.3 and 4.4, and the Court trusts that counsel for the EEOC will be able to conduct its interviews in such a way as to abide by these ethical obligations.

Based on the foregoing, the Court now **GRANTS** the Motion for Leave to Contact Former Supervisors in Preparation for Trial [DE 136].

So ORDERED this 25th day of April, 2005.

s/ Paul R. Cherry\
MAGISTRATE JUDGE PAUL R. CHERRY\
UNITED STATES DISTRICT COURT

cc: All counsel of record