UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 2:03-CV-237-PRC |
| v. | ) ) ) | |
| U.S. BELL CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Equal Employment Opportunity Commission's Motion to Compel Defendants' Responses to Sixth Request for Production of Documents [DE 138], filed by the Equal Employment Opportunity Commission ("EEOC") on March 24, 2005.

**PROCEDURAL BACKGROUND**

On December 14, 2004, this Court entered an Order setting the discovery deadline for February 21, 2005. On January 18, 2005, the EEOC served upon the Defendants its Sixth Request for Production of Documents. The Defendants' Responses were due on February 21, 2005, the last day of the discovery period.

On March 8, 2005, not having received the Defendants' Responses, the EEOC sent a letter to counsel for the Defendants inquiring into the Responses. On March 18, 2005, counsel for the Defendants stated that "discovery in this matter has closed."

On March 24, 2005, the EEOC filed its Motion to Compel. The Defendants filed a Response on April 11, 2005, and the EEOC filed a Reply on April 15, 2005.

**ANALYSIS**

In this matter, the EEOC served its Sixth Request for Production on January 18, 2005, which allowed sufficient time for the Defendants' Responses to be served by the close of discovery on February 21, 2005. *See NIPSCO v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423 (N.D. Ind. 1986) (holding that discovery must be completed within the time established by the court, which includes serving requests for written discovery with sufficient time for the responses to be filed within the discovery period). Therefore, the only issue remaining is whether the EEOC's Motion to Compel was timely filed.

First, the Court notes that the Defendants did not file a Motion for Protective Order prior to the close of discovery in objection to the content of the Sixth Request for Production. Second, the EEOC sent a letter via fax and mail to counsel for the Defendants on March 8, 2005, inquiring into a number of discovery matters, including the Defendants' failure to respond to the EEOC's Sixth Request for Production. The EEOC requested that the Responses be provided by March 18, 2005. On March 18, 2005, the Defendants responded that discovery in this matter had closed. On March 24, 2005, the EEOC filed its Motion to Compel.

The Court finds that the EEOC's Motion to Compel was timely filed. The EEOC waited two weeks after the Defendants' failure to timely respond to the Sixth Request for Production to contact the Defendants regarding their failure to respond. Although the Court finds that two weeks may have been a somewhat lengthy delay in light of the close of discovery on February 21, 2005, the Court nevertheless finds that two weeks, as a courtesy to allow for an untimely response by the Defendants, is not unreasonable. *Compare Rosetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (holding that a discovery motion was untimely when filed two months after the close of

2

discovery); *EEOC v. United States Steel*, Civ. No. H87-536, 1988 WL 155942, at *1 (N.D. Ind. Aug. 26, 1988) (holding that a motion to compel was untimely when filed after the close of discovery and when the EEOC could have sought court assistance almost one month prior to the expiration of the discovery period).  The Court notes that the EEOC's correspondence also addressed other discovery disputes in addition to the Sixth Request for Discovery.  Once the EEOC received the Defendants' reply on March 18, 2005, the EEOC filed its Motion to Compel shortly thereafter on March 24, 2005.  In addition, the Motion to Compel was filed prior to the dispositive motion deadline of March 30, 2005.  *Compare Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001) (upholding the district court's denial of a motion to compel filed after the close of discovery and after a motion for summary judgment was filed).  The Court finds that the EEOC took the reasonable steps necessary under Local Rule 37.1 to attempt to resolve this conflict informally without court intervention, even though taken after the close of the discovery period.  Those steps would not have been necessary if the Defendants had timely responded to the Sixth Request for Production or filed a Motion for Protective Order.

Based on the foregoing, the Court now **GRANTS** the Plaintiff Equal Employment Opportunity Commission's Motion to Compel Defendants' Responses to Sixth Request for Production of Documents [DE 138].  The Court **ORDERS** the Defendants to respond to the EEOC's Sixth Request for Production of Documents on or before **May 16, 2005.**

So ORDERED this 25th day of April, 2005.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

cc: All counsel of record