UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO.: 2:03-CV-237-PRC ) |
| U.S. BELL CORPORATION, LINK TECHNOLOGIES, CORP., d/b/a U.S. BELL, and BUZZ TELECOM CORP., | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Petition for Attorney's Fees [DE 254], filed by Defendants U.S. Bell Corporation, Link Technologies Corp., d/b/a U.S. Bell, and Buzz Telecom Corp. (collectively referred to as "Buzz Telecom") on September 6, 2005. For the following reasons, Buzz Telecom's Petition for Attorney Fees is denied.

**FACTUAL BACKGROUND**

The Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed its Complaint [DE 1] on June 16, 2003, pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. This action was brought on behalf of Tiffany Sims, Joshua Childs, Beatrice Johnson, and Renee Roby, along with others similarly situated. The EEOC sought to correct alleged unlawful employment practices at Buzz Telecom, alleging sexual harassment hostile work environment, constructive discharge, quid pro quo sexual harassment, and retaliation. On October 8, 2003, an intervenor complaint was filed by the four named class representatives, which

was eventually settled. After the settlement, the EEOC proceeded with its action against Buzz Telecom, on behalf of Kelly Adwell Cripe, Amanda Bernard, Lisa Hogan, Lisa Lacefield, and Waushara Person, who, unlike the original four named class members who subsequently intervened, had not filed individual charges of discrimination with the EEOC. Upon consent of all parties, this case was reassigned to the undersigned Magistrate Judge on February 25, 2004.

On March 30, 2005, Buzz Telecom filed a Motion for Summary Judgment, which was granted in part and denied in part on July 19, 2005. The Motion for Summary Judgment was denied on all counts regarding the Intervenor Plaintiffs, on whose behalf the EEOC proceeded to trial.[1] On August 8, 2005, the claims of the Intervenor Plaintiffs, who had settled, were dismissed.

The trial commenced on August 15, 2005. During the trial, Buzz Telecom presented two separate Motions for Directed Verdict, the first at the conclusion of the EEOC's presentation of evidence on August 18, 2005, and the second at the conclusion of Buzz Telecom's presentation of evidence on August 22, 2005. Both of these Motions for Directed Verdict were denied. On August 23, 2005, a jury verdict was returned in favor of Buzz Telecom.

On September 6, 2005, Buzz Telecom filed a Petition for Attorney Fees, requesting fees pursuant to Title VII, 42 U.S.C. Section 2000e-5(k), and 42 U.S.C. Section 1988. The EEOC filed Plaintiff's Response Brief in Opposition to Defendant's Petition for Attorney Fees on September 12, 2005. Finally, on September 20, 2005, Buzz Telecom filed a Defendants' Reply to Plaintiff's Response Brief in Opposition to Defendants' Petition for Attorney Fees.

---

[1] The Motion for Summary Judgment was granted only as to the claims of the Intervenor Plaintiffs to the extent those claims were not already dismissed based on the settlement by the Intervenor Plaintiffs with Buzz Telecom.

**ANALYSIS**

In its Petition for Attorney Fees, Buzz Telecom argues that it satisfies two essential requirements for an award of attorney fees. First, Buzz Telecom argues that it was the prevailing party. Second, Buzz Telecom asserts that the EEOC was vexatious in pursuing its claims as evidenced by the EEOC conducting extensive discovery and pursuing the class claims after the original named claimants settled and asserts that public policy favors an award of fees in this case.

Conversely, the EEOC argues that it should not be required to pay Buzz Telecom's attorney's fees and that, under the prevailing standard, attorney's fees should be awarded to a defendant only if the defendant can show that the plaintiff's claims were frivolous, unreasonable, without foundation, or vexatious. The EEOC argues that its claims were not frivolous or vexatious because it survived a Motion for Summary Judgment on all claims that were fully briefed by both parties, as well as two Motions for Directed Verdict made by Buzz Telecom. The EEOC also notes that in its Petition, Buzz Telecom does not argue that the EEOC's case was frivolous, unreasonable, or without foundation.

In its petition, Buzz Telecom relies on two statutory provisions as the basis for its motion for attorney's fees–42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k). Section 1988 provides in relevant part: "In any action or proceeding . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of the costs." 42 U.S.C. § 1988(b). Similarly, 42 U.S.C. § 2000e-5(k) provides: "In any action or proceeding under this subchapter [Title VII] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fees . . . as part of the costs." As evidenced by the use of the general phrase "prevailing party," both of these statutes allow either a prevailing plaintiff or

3

prevailing defendant to recover attorney's fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 413 (1978); *Vitug v. Multistate Tax Comm'n*, 883 F. Supp. 215, 218 (N.D. Ill. 1995).

Although not facially obvious from the text of these statutes, when determining if a prevailing plaintiff or prevailing defendant should be awarded attorney's fees, the same standard does not apply. *See Christiansburg*, 434 U.S. at 417. "A prevailing plaintiff in a Title VII proceeding is ordinarily to be awarded attorney's fees by the district court in all but special circumstances." *Id*. However, "a district court, may, in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id*. at 421; *LeBeau v. Libbey-Owens-Ford Co.*, 799 F.2d 1152, 1156 (7th Cir. 1986) (citing *Christiansburg*, 434 U.S. at 421-22); *see also E.E.O.C. v. Consolidated Serv. Sys.*, 30 F.3d 58, 59 (7th Cir. 1994) (reasoning that, after *Christiansburg*, fees can be awarded against the government in a Title VII case only if the government's suit was frivolous).[2] Therefore, in order to be awarded attorney's fees, a prevailing defendant has an additional burden that a prevailing plaintiff does not carry. *Id*.; *see Vitug*, 883 F. Supp. at 218.

---

[2] In its reply brief, Buzz Telecom argues that the EEOC relies on case law not wholly specific to Title VII, but instead cites cases involving other civil rights matters, specifically, *Unity Ventures v. County of Lake*, 894 F.2d 250, 253-54 (7th Cir. 1990), a § 1983 case, for the four factors, known as the *Reichenberger* factors, in determining if a suit is frivolous for the purpose of awarding attorney's fees. *See* Pl. Resp. at 3; *see also Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir. 1981) (providing factors for determining award of prevailing defendant's attorney's fees in a case involving §§ 1983 and 1985). As noted by Buzz Telecom, in the context of a Title VII case, the Seventh Circuit specifically stated that the *Reichenberger* factors do not necessarily create a "circuit test" for determining awards of prevailing defendant's attorney's fees. *See LeBeau v. Libbey-Owens-Ford Co.*, 799 F.2d 1152, 1154 n.6 (7th Cir. 1986). The Court finds it unnecessary to determine the applicability of the *Reichenberger* factors to Title VII claims in general as the Court has determined that Buzz Telecom is not entitled to fees under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). However, the Court notes that in *Hughes v. Rowe*, 449 U.S. 5, 15 (1980), a § 1983 case, the Supreme Court adopted the standard established in *Christianburg*, a Title VII case, for an award of attorney's fees to a prevailing defendant, finding that there was no discernable reason to apply a less stringent standard in § 1983 cases. *See Coates v. Bechtel,* 811 F.2d 1045, 1049 n.3 (7th Cir. 1987).

The United States Supreme Court has identified policy considerations for utilizing different standards to assess an award of attorney's fees to prevailing plaintiffs and to prevailing defendants:

> [T]here are at least two strong equitable considerations counseling an attorney's fee award to a prevailing Title VII plaintiff that are wholly absent in the case of a prevailing Title VII defendant. First, . . . the plaintiff is the chosen instrument of Congress to vindicate "a policy that Congress considered of the highest priority." Second, when a district court awards counsel fees to a prevailing plaintiff, it is awarding them against a violator of federal law. As the Court of Appeals clearly perceived, "these policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant."

*Christiansburg*, 434 U.S. at 418-19 (citations omitted).

The fact that a plaintiff ultimately loses a case in itself is not a sufficient justification to award a defendant attorney's fees. *See id.* at 422; *see also Vitug*, 883 F. Supp. at 219. The Supreme Court has cautioned district courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because the plaintiff did not prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christianburg*, 434 U.S. at 421-22; *see Vitug*, 883 F. Supp. at 219.

In *Vitug*, the court identified two periods during litigation when a plaintiff's claim may be found to be frivolous. 883 F. Supp. at 221 (citing *Kennedy v. McCarty*, 803 F. Supp. 1470, 1474 (S.D. Ind. 1992) (identifying the two periods of litigation when a claim may be found frivolous in the context of a motion for attorney's fees in a § 1983 case)).[3] The first stage is the point when the suit was initiated. *Id.* The key is not to assess whether the claim ultimately was found to be without merit, but instead to assess if it was wholly without merit when brought or continued. *Id.* (citing

---

[3] Although the court in *Vitug*, a Title VII case, relies on § 1983 cases for this two-stage reasoning, the Court finds that the reasoning is equally applicable to Title VII cases.

*Coates v. Bechtel*, 811 F.2d 1045, 1051 (7th Cir. 1987)). The Supreme Court held that "even when the law or the facts appear questionable at the outset, a party may have an entirely reasonable ground for bringing the suit." *Christiansburg*, 434 U.S. at 422. The Court in *Vitug* reasoned that if a plaintiff can establish a prima facie case of discrimination, even if the plaintiff ultimately fails to demonstrate that the defendant's proffered legitimate, nondiscriminatory reason was not legitimate, the plaintiff "did not at the time of filing of suit, make a frivolous, groundless or unreasonable filing." 883 F. Supp. at 222. In *Vitug*, the plaintiff did not survive summary judgment, yet the court found that the case was not frivolous because the plaintiff had made out a prima facie case of discrimination. *Id*.

The second stage to consider is during the course of litigation, "to determine whether or not the plaintiff continued to litigate after it became clear that his claim lacked factual substance or was devoid of factual support." *Vitug*, 883 F. Supp. at 221 (citing *Kennedy*, 803 F. Supp. at 1474; *Coates*, 811 F.2d at 1053; *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)). A court may consider whether the plaintiff failed to uncover any evidence in support of a claim during the course of discovery as well as the length of the discovery period. *Id*. at 222. For example, a fee award against a plaintiff may be appropriate if the plaintiff utilizes the "judicial system as a forum to air personal disputes and to carry out a personal vendetta" or if the plaintiff's action amounts to "'nothing more than speculation as to defendants' motives.'" *See id*. at 223 (citing *Munson v. Friske*, 754 F.2d 683, 697 (noting that three years of discovery failed to produce any evidence to support plaintiff's claim); *Kennedy v. McCarty*, 803 F. Supp. at 1475; *Munson v. Milwaukee Bd. of Sch. Directors*, 969 F.2d 266, 270 (7th Cir.1992)). In another case, the Seventh Circuit vacated an award of fees against plaintiffs who pursued claims even after losing a motion for preliminary injunction because the

6

plaintiffs were successful on discovery motions and in obtaining class certification. *Ekanem v. Health and Hosp. Corp. of Marion County*, 724 F.2d 563, 574-75 (7th Cir. 1983), *cert. denied*, 469 U.S. 821 (1984) (Title VII).

Finally, regarding discovery, "factual uncertainty may exist . . . at the outset of litigation and . . . decisive facts may not emerge until discovery or trial." *Coates*, 811 F.2d at 1052 (*citing Christiansberg*, 434 U.S. at 422) (providing principles for awarding attorney's fees in Title VII cases).[4]

In this case, the Court finds that the EEOC, though not the prevailing party, did not file a claim that was frivolous, unreasonable, or without foundation and did not act vexatiously. Because the EEOC established a prima facie case of sexual harassment, as evidenced by its survival on summary judgment, the suit was not frivolous in the beginning phase of trial. During the trial proceedings, Buzz Telecom made two separate Motions for Directed Verdict, first at the close of the EEOC's evidence and again at the close of its own case. Both of the motions were denied, again evidencing the non-frivolous character of the lawsuit. *See LeBeau*, 799 F.2d at 1158.

In its Petition, Buzz Telecom asserted its argument that the EEOC's case was "vexatious in conducting litigation" in one sentence: "Here, the EEOC conducted extensive discovery and pursued class claims long after the original claimants had resolved their claims with the defendants." Def. Petition, p. 6. Buzz Telecom also makes a statement without further analysis that "[t]o allow the EEOC to avoid the assessment of attorneys fees from a prevailing defendant, especially where the EEOC has fully litigated the case, especially where the underlying claims had already been resolved only turns the public policy considerations in *Christiansburg* upside down." *Id*. However, Buzz

---

[4] Again, although the attorney's fees in *Coates* were not being sought under Title VII, these principles regarding discovery are equally applicable to the instant Title VII action.

7

Telecom does not set forth those policy considerations. The remainder of the argument in the Petition is devoted to the reasonableness of the fees requested, the reasonableness of the hourly rate, and the entitlement to recover the additional fees incurred in seeking attorney's fees in this case.

In the fact section of the Petition, Buzz Telecom identifies the large amount of discovery that was engaged in by the EEOC when the EEOC decided to continue the suit against Buzz Telecom after the claims of the Intervenor Plaintiffs–the original named class representatives–were settled. Specifically, Buzz Telecom notes the number of depositions taken. However, only five new class members were named, the claims were against the same alleged harasser of the original named plaintiffs, and the claims among the class members were substantially the same. Therefore, Buzz Telecom was preparing its defense for the same type of claims and on behalf of the same parties. Although the claims of the original class representatives had been settled, the resolution of those individual claims in no way precluded the pursuit of the hostile work environment claims as to the remaining class members. The fact that the hostile work environment claims created additional discovery and preparation for Buzz Telecom does not render the claims frivolous.

Moreover, the Court will not condemn the EEOC's zealous representation of its clients and the resulting effect that Buzz Telecom complains of–that "the defendants were forced to vigorously defend this litigation." Def. Petition, p. 3.[5] First, only two attorneys filed appearances on behalf of the EEOC in this matter–Jo Ann Farnsworth and Kenneth Bird, not four as asserted by Buzz Telecom in its Petition. Equally, two attorneys filed appearances on behalf of the Defendants in this matter–Steven Johnson and Michael Rappa.

---

[5] In *Coates v. Bechtel*, 811 F.2d 1045, 1052 (7th Cir. 1987), the court acknowledged that "[a] prevailing defendant will always have been burdened as a result of plaintiff's filing suit . . . . We appreciate the hardships to which the defendant was subjected in defending this lawsuit, but under the factual circumstances here, we cannot say they were unreasonable."

Regarding discovery, on February 12, 2004, the Court held a scheduling conference in which it was agreed that all discovery was to conclude by February 1, 2005, and this deadline was later extended to March 31, 2005 by the Court. Both sides, the EEOC and Buzz Telecom, filed motions for extension of time, motions to compel, and motions for sanctions at various times throughout the discovery process, with both sides experiencing a measure of success. Other than generally noting the number of depositions and their lengths and the EEOC's thorough use of the available methods of written discovery, Buzz Telecom has not pointed to any specific deposition or discovery request and argued why it was unnecessary, unreasonably long, or fruitless. In the absence of any such evidence, the fact of thorough discovery by itself is not sanctionable, and the discovery was not unreasonable.

Regarding Buzz Telecom's public policy argument briefly articulated in the Petition, the Court is not persuaded. As pointed out by the Supreme Court in *Christiansen*, "many defendants in Title VII claims are small-and moderate-size employers for whom the expense of defending even a frivolous claim may become a strong disincentive to the exercise of their legal rights." 434 U.S. at 422. However, the Supreme Court goes on to note that there are "[two] side[s] of this coin." *Id*. The Supreme Court explained that, although people presume that the government has a greater ability to pay fee awards than do private litigants, the fact is that when the EEOC pays attorney's fees, those "awards must be paid from the Commission's litigation budget, so that every attorney's fee assessment against the Commission will inevitably divert resources from the agency's enforcement of Title VII." *Id*. On this issue, the Supreme Court concluded that it "had no grounds for applying a different general standard whenever the Commission is the losing plaintiff." *Id*. In

this case, the EEOC was the losing the plaintiff, and therefore, the analysis is not affected by the size of the defendant, Buzz Telecom, as a company.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the Petition for Attorney Fees [DE 254].

SO ORDERED this 13th day of April, 2006.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATES DISTRICT COURT

cc:     All counsel of record